# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **MICHAEL McGREGOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:17-CV-593-VEH** |
| | ) | |
| **KIM THOMAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSOLIDATED[1] REPORT OF THE PARTIES PLANNING MEETING

1.  The following persons participated in continued Rule 26(f) conferences on
    **July 20, 2017,** and on **August 3, 4, 2017** by telephone[2] and further finalized
    details of this report via email correspondence:

    Henry F. (Hank) Sherrod, III, representing Plaintiff, John Thomas Miller

    Ruth Z. Brown, representing Plaintiff, John Thomas Miller

    Theresa Kleinhaus, representing Plaintiff, John Thomas Miller

    Bart G. Harmon, representing DOC Defendants.

    C. Richard Hill, Jr., representing DOC Defendants.

    Robert F. Northcutt, representing DOC Defendants.

    W. Allen Sheehan, representing DOC Defendants.

---

[1] This report relates to five cases involving similar allegations asserted against multiple, nearly
identical Defendants.  The five cases are: *Townsel v. Thomas, et al.,* Case 4:17-cv-00516-VEH;
*McGregor v. Thomas, et al.,* Case 4:17-cv-00593-VEH; *Miller v. Dunn, et al.,* Case 4:17-cv-
00180-VEH; *Casey v. Thomas, et al.,* Case 4:17-cv-00563-JEO; and *Zeller v. Thomas, et al.,* Case
4:17-cv-00564-SGC.

[2] Counsel in Townsel, Miller and McGregor cases participated in a prior conference on July 7,
2017.

Philip G. Piggott, representing Defendant, Dr. Walter Wilson.

2. Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1) by **September 11, 2017**. The parties agree to provide copies of all documents identified and/or disclosed pursuant to Rule 26(a)(1) contemporaneously with the disclosures. The parties agree that the disclosures may be exchanged electronically via e-mail.

   a. The parties have agreed that Defendants will produce all documents produced in the case *Antonio Cheatham v. William G. Sharp, Jr. et al.,* Case No. 4:14-cv-1952-VEH filed in the Northern District of Alabama, Middle Division, as satisfaction of the Rule 26 (a) (1) (ii) component of their Initial Disclosures.  These documents shall be subject to the Protective Order and HIPAA orders entered in the *Cheatham* case. In the event that the parties to the *Cheatham* case do not agree to disclosure of the documents, this planning report is null and void and the parties to this case will file a new report within 14 days.

3. Discovery Plan. The parties propose this discovery plan:

The parties have agreed to act in good faith to streamline discovery in recognition of the production by Defendants of documents from the *Cheatham* case which may include 30,000, more or less pages of information. Defendants have agreed to the production subject to objections to relevance, for purposes of judicial economy and to avoid unnecessary duplicative discovery.

   a. Discovery may be sought on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

   b. Discovery shall commence no sooner than sixty days after the exchange of Initial Disclosures and shall be completed no later than **July 2, 2018**. The parties agree to delay the commencement of discovery to allow

adequate time to review the thousands of pages of *Cheatham* documents.  Given the nature of this litigation, it is impossible for counsel to fully anticipate the scope of discovery necessary to prepare this case for trial. To the extent that a party requires additional discovery beyond the limits contemplated in this report, the parties propose that they be allowed, as the need arises, to come before the Court to request modification of the proposed discovery limits.

c. Disclosure or discovery of electronically stored information will be handled as follows:

When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that reasonably accessible ESI may be produced in searchable .pdf format. If, however, a party identifies a specific concern about whether a particular item of ESI is authentic or has been altered, if the producing party challenges the authenticity of the document, or if the requesting party seeks relevant metadata, then the producing party, if possible, should produce that item of ESI in a form with related metadata.  The parties agree to confer in good faith about any disputes regarding the format of production of electronically stored information and either party shall be able to move the Court for an order should the parties not be able to reach agreement.

The parties agree to immediately take reasonable steps to ensure the preservation of all potentially relevant ESI, including on or in personal or home computers and accounts. This extends to the information contained on personal cell phones and third-party provider sites such as Gmail, Hotmail, Facebook, Instagram, etc.

For situations not covered by the language above, if an issue arises, the parties agree to convene a conference to discuss ways to cooperate regarding the request.

In making requests, the parties agree to communicate and cooperate to refine the scope of requests for ESI with regard to search terms, date ranges, and custodians.

d. The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation of material asserted after production, as follows:

If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim should notify any party that received the information of the claim and the basis for it. After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information. If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim. In such a situation, the receiving party is prohibited from using or disclosing the information unless determination of waiver is made by the Court. If a receiving party disclosed the information before being notified of the claim, it must take reasonable steps to retrieve the information and any copies thereof from anyone to whom the information was disclosed.

The parties agree that documents or other discovery materials that are produced and contain privileged information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production.

e. The parties propose that Plaintiff and Defendants may serve on the other one a Master Set of Interrogatories and Requests for Production of Documents with no more than thirty (30) written interrogatories, including subparts, and twenty-five (25) Requests for Production of Documents, including subparts. Answers are due thirty (30) days after service. Plaintiff may serve an additional ten individualized interrogatories and ten individualized requests for production on each named Defendant. Answers are due within 45 days of service of the

requests. The parties consent to electronic service of requests and responses.

f.  After the parties have completed the sixty day period to review the *Cheatham* documents, they will meet and confer in good faith to determine what stipulations they may reach. No later than **December 15**, the parties will present a proposal to the Court regarding Requests for Admission in order to further narrow the issues for trial.

g.  Defendants shall, collectively, be entitled to take the deposition of Plaintiff, each expert disclosed by Plaintiff, each witness in Plaintiff's 26 (a) (1) disclosures and five additional deponents.  Plaintiff shall be entitled to take the deposition of each Defendant in the case, each expert disclosed by any Defendant, each witness on Defendants' Rule 26 (a) (1) disclosures and five additional deponents.  No document may be used in a deposition that has not been produced to opposing counsel at least seven (7) days in advance of the deposition unless the document is publically available. Additionally, the parties agree that any party may seek permission of Court if additional depositions are deemed necessary. Should any party wish to use any sworn statement  in this case that was taken in connection with another case, the party must identify it in the Rule 26(a)(1) disclosures and make a copy of the sworn statement available to the other parties upon request.  No Defendant will be deposed more than once in this case and the four cases referenced in footnote 1 combined.  In other words, Defendants may only be deposed once for all five cases.

h.  Absent agreement of the parties or leave of Court, the deposition of any party in this case who was deposed in the *Cheatham* case will be limited to seven hours, excluding break times. The deposition of any party who was not deposed in the *Cheatham* case and who is a party in more than one of these collective cases will be limited to 10 hours, excluding break times. The deposition of Commissioner Dunn will be limited to 7 hours, excluding break times. The deposition of any other witness will be limited to seven hours, excluding break times. .

i.  Reports from retained experts under Rule 26(a)(2) are due:

      i.  Plaintiff's expert report is due on **May 12, 2018;** Defendant's expert report is due on **June 12, 2018; and Plaintiff's rebuttal expert report is due on June 28, 2018.**

j.  Each party shall provide the supplementation required by Rule 26(e) thirty (30) days after notice, but not later than forty (40) days before the close of discovery, or as soon as reasonably possible after the information and documents are discovered.

k.  The parties agree to service by e-mail, hand-delivery, or U.S. Mail for pleadings and discovery in this matter.

l.  Any party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing party **three (3) business days** before the subpoena is to be issued to allow the opposing party an opportunity to raise any applicable objections. In the event that any objections are raised, the subpoena shall not be issued and the parties agree to confer in good faith to reach a resolution to the objection. If no resolution on the objection can be reached by the parties, the party objecting to the subpoena may file a motion for protective order relating to the subpoena, and the party wishing to issue the subpoena agrees to not serve the subpoena unless the motion for protective order is denied.

m.  The parties agree that no redactions will be made to documents on the basis of relevance objections.  The parties further agree that any redactions in documents, such as for privilege or personal identifying information, shall be produced contemporaneously with a log that explains basis and nature of each redaction.  To the extent documents produced in *Cheatham* have be redacted by counsel in that case such redactions shall not be contrary to this Report.  However, Plaintiff does not waive the right to request from Defendants unredacted copies of any *Cheatham* documents and/or a log detailing the basis and nature of each redaction.

n.  The parties agree that with respect to responding to requests for production, they will produce copies of the documents contemporaneously with the responses.

4.  Other items:

    a.  The parties do request a meeting with the court before the issuance of a scheduling order to discuss a manageable schedule for discovery and trial for each of these cases.

    b.  The parties suggest a pretrial conference on or about six (6) weeks prior to the trial date.

    c.  The parties suggest that the deadline for plaintiff to amend pleadings or join parties be on or before sixty (60) days before the close of discovery.

    d.  The parties suggest that the deadline for the Defendant to amend pleadings or join parties be on or before forty-five (45) days before the close of discovery.

    e.  The parties suggest a deadline for the filing of dispositive motions on **July 18, 2018.**

    f.  The parties believe that discussion of settlement is premature pending an opportunity for the parties to conduct initial discovery in the case. The parties understand their obligation to confer in good faith about any settlement possibilities.

    g.  At this time, alternative dispute resolution procedures would not enhance settlement prospects.

    h.  Final dates for submitting Rule 26(a)(3) witness lists, deposition designations, and exhibit lists and exchange shall be fourteen (14) days prior to the pretrial conference.

    i.  Objections to Rule 26(a)(3) filings shall be made not later than seven (7) days prior to the pretrial conference.

    j.  Defendants suggest a trial setting in the term of court beginning on **February 19, 2019**[3]. Defendants estimate that trial will take one week

---

[3] This is a "trial ready" date. The parties do not wish to have five simultaneous trials and request a conference with the court to determine a manageable schedule.

after jury selection. Plaintiff estimates that trial will take 2-3 weeks after jury selection.

C. Richard Hill, Jr. has the express consent of all other counsel to affix their electronic signatures to this document so that it may be jointly filed.

Date: August 4, 2017.

/s/ C. Richard Hill, Jr.

**C. RICHARD HILL, JR. (ASB-0773-L72C)**
**ROBERT F. NORTHCUTT (ASB-9358-T79R)**
**W. ALLEN SHEEHAN (ASB-7274-L69S)**

*Counsel for Defendants*

**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8049
Facsimile: (334) 323-8888
Email: Allen.Sheehan@chlaw.com
      Bob.Northcutt@chlaw.com
      Rick.Hill@chlaw.com

/s/ Bart G. Harmon

**Bart G. Harmon (ASB-4157-R61B)**
*Counsel for Defendants*

**Alabama Department of Corrections**
Legal Division
PO Box 301501
Montgomery, AL 36130-1501
Telephone: (334) 353-3881
Bart.Harmon@doc.alabama.gov

*/s/ Henry F. (Hank) Sherrod III*

**Henry F. (Hank) Sherrod III
(ASB-1200-D63H)**
*One of Plaintiff's Attorneys*

Henry F. Sherrod, III
**HENRY F. SHERROD, III, P.C.**
119 South Court Street
P.O. Box 606
Florence, AL  35631-0606
hank@alcivilrights.com

*/s/ Ruth Z. Brown*

**Ruth Z. Brown**
*One of Plaintiff's Attorneys*

Russell Rourke Ainsworth
Ruth Zemel Brown
Sarah Grady
Theresa Kleinhaus
**LOEVY & LEOVY**
311 N. Aberdeen Third Floor
Chicago, IL 60607
ruth@loevy.com

*/s/ Philip G. Piggott*_____

**Philip G. Piggott
(ASB-4379-P67P)**
*Counsel for Defendant, Dr. Walter Wilson*

Philip G. Piggot
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
pgp@starneslaw.com

9